RICHARD L. OWENS v. HENRY LEVINE AND OTHERS.[1]

June 26, 1925.

No. 24,872.

**Discretion of court in granting injunction.**

Action by former tenant to enjoin landlord from enforcing his judgment in municipal court for possession of leased premises, under claim of oral agreement with landlord for a second 5-year term. Whether temporary injunction shall be granted rests largely in discretion of court, with which supreme court will not interfere except when necessary to prevent injustice. [Reporter.]

See Appeal and Error, 4 C. J. p. 803, § 2768.

Action in the district court for Hennepin county to enjoin defendant from enforcing a judgment in municipal court awarding him possession of premises leased to plaintiff. Plaintiff appealed from an order, Bardwell, J., denying his motion for a temporary injunction and setting aside a restraining order. Affirmed.

*John N. Berg,* for appellant.

*Arthur H. Anderson* and *W. S. Ervin,* for respondent.

PER CURIAM.

Defendant obtained a judgment against plaintiff in the municipal court of the city of Minneapolis awarding him the possession of the premises in controversy. Immediately thereafter plaintiff brought this action in the district court to enjoin further proceedings under the judgment of the municipal court, and applied for a temporary injunction restraining defendant from enforcing that judgment during the pendency of this action. The court denied the application for a temporary injunction and discharged the restraining order theretofore issued. Plaintiff appealed.

Plaintiff had occupied the premises in controversy under a written lease for a term of 5 years which expired on March 1, 1925; and the action for possession was based on the claim that he was unlawfully withholding possession after the expiration of his term. Plaintiff bases his action for an injunction on the claim that after entering into the written lease he made an oral agreement with the lessor whereby he was to make certain

[1]Reported in 204 N. W. 629.

improvements on the premises in addition to those provided for in the lease and in consideration thereof was to have an additional term of 5 years. He asserts that he made the specified improvements at a large expense in reliance upon this oral agreement, and in substance asks for the specific performance of it.

Whether a temporary injunction shall be granted rests so largely in the discretion of the trial court, that this court interferes only when necessary to prevent manifest injustice. While plaintiff asserts the making of the oral agreement and the making of the additional improvements, the decided weight of the evidence is to the effect that neither the alleged oral agreement nor the alleged additional improvements were ever made. The record fully justified the ruling of the learned trial court, and its order is affirmed.